## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRIAN COLES, #157-453 <br> a/k/a Ronnie Miller <br>     Plaintiff | : <br> <br> : |
| v. | :   CIVIL ACTION NO.  JFM-06-2208 |
| DUPREE | : |
|     Defendant | ..oOo.. |

### MEMORANDUM

Pending is a pro se action filed by Brian Coles (Coles) against Frank A. Dupree, a correctional officer at the Baltimore County Detention Center, alleging violations of his civil rights and the Americans with Disabilities Act.[1] Counsel for defendant has filed a motion for summary judgment with verified exhibits. Coles has filed an opposition reply.  Upon review of the pleadings, exhibits, and applicable law, the court will grant summary judgment in favor of defendant by separate order.

### I. Claims Presented

Coles, who uses a wheelchair,  claims that on either May 29 or 30, 2006, he was returning from a bail review when Officer Dupree instructed the transporting officer pushing his wheelchair to  halt.  As a result, Coles states that he hit his windpipe and mid-stomach area and his medical supplies, including urological catheters and colostomy bag, were "snatched out" of his hand, "dumped" on the floor and then confiscated.  Complaint, p. 2.   Coles complains that one item fell out of a red medical hazardous materials bag. Further, he alleges that when he leaned over to retrieve the item, "Dupree then assaulted me by stomping my ankle, left ankle." *Id.*

---

[1]     The Americans with Disabilities Act ("ADA") is codified at 42 U.S.C. § 12131 *et seq.*

**II. Background**

Defendant's verified exhibits filed in support of the motion for summary judgment demonstrate that on or about May 27, 2006, Coles was arrested and committed to the Baltimore County Detention Center on a charge of theft of less than $500 (case # 6C00227604) and theft of less than $500 and possession of a concealed deadly weapon (case #3C00219488). On May 30, 2006, Coles was transported to the District Court for Baltimore County for a bail hearing on these charges. After the bail hearing, Coles was escorted back to the Baltimore County Detention Center. Deft. Ex. 4.

The exhibits show that Dupree worked the 3:00 p.m. to 11:00 p.m. shift for the week beginning Monday, May 29, 2006, in the Inmate Processing/Receiving Area. "The Inmate Processing/Receiving Area is responsible for receiving and processing new inmates, as well as coordinating and processing the release of inmates, and the transport of inmates to and from Court." Deft. Ex. 1, ¶ 1. The duties of the processing officers include supervision of inmates, searching all inmates entering and exiting processing, verifying committing documentation and medical paperwork, and processing inmates leaving for and returning from court appearances. When an inmate returns from court, the sergeant working the processing area notifies that "second position" officer who generally handles court transport and return. Deft. Ex. 1, ¶ 4. Officer Dupree attests that he was the "second position officer" in the Inmate Processing/Receiving Area.

The pleadings describe the procedure for inmates returning from court as follows. The transport officer brings the inmate through a sallyport and into the processing area. Deft. Ex. 1 & 2. Upon entry into processing, the transport officer stops so that the second position officer can review the inmates paperwork. The inmate is patted down and searched for contraband or other unauthorized property. After the pat down and search, the inmate is placed in a holding cell to wait

2

for assignment to the housing unit. Deft. Ex. 1, ¶ 5.

Upon returning to the Detention Center, Coles was processed and searched by Dupree. In his declaration, Dupree denies assaulting Coles or otherwise depriving him of his civil rights or those under the Americans with Disabilities Act. Deft. Ex. 1, ¶ 8. He states:

> ... I do not recall any specific involvement or contact with Plaintiff on May 29th or 30th, 2007, although I was working on those dates during the 3:00 PM to 11:00 PM tour. Moreover, if I had been involved in any such contact with Plaintiff as alleged, that contact would have been documented in an Incident Report. At no time did I ever assault Plaintiff or attempt to bring harm to him in any way. Had such an incident occurred as alleged by Plaintiff, I would have documented said incident.

Deft. Ex. 1, ¶ 8. Officer Dupree does not deny that Coles returned from a bail review hearing on the dates in question, that he was working a 3:00 to 11:00 shift on those dates, or that his duties included processing inmates returning from court. Deft. Ex. 1, ¶ 7. Further, Dupree does not deny that the transport officer was told to stop rolling Coles's wheelchair, Coles was patted down and searched, and that his Coles's property was confiscated and searched for contraband. *See id.* Dupree attests further that a pat down "necessarily involved physical contact with the Plaintiff, but was not done so in an assaultive or harmful manner."

**III. Standard of Review**

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an

3

> otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**IV. Analysis**

Coles appears to allege that defendant used excessive force against him by ordering the transporting officer to halt and defendant hit his windpipe and mid-stomach as a result.  He also claims t hat during the subsequent pat down, defendant "stomped" on his ankle.  Defendant denies any assault occurred.  Defendant does not deny the pat down took place or that it involved physical contact, but claims it was not performed in an assaultive or harmful manner.  Dupree further argues that Coles fails to allege or demonstrate more than *de minimis* injury as a result of the alleged excessive force.

The constitutional protections afforded to a pre-trial detainee as provided by the Fourteenth Amendment, are co-extensive with those provided by the Eighth Amendment.  *See Bell v. Wolfish*,

4

441 U.S. 520, 535 (1979); *Graham v. Conner*, 490 U.S. 386, 395 (1989).[2] "Due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992), *citing Martin v. Gentile*, 849 F. 2d 863, 870 (4th Cir. 1988); *see also Riley v. Dorton*, 115 F. 3d 1159, 1167 (4th Cir. 1997) (pre-trial detainee's Fourteenth Amendment right with respect to excessive force is similar to prisoner's Eighth Amendment right, and both require more than *de minimus* injury).  A Fourteenth Amendment claims of excessive force exists where the defendant "inflicted unnecessary and wanton pain and suffering" on an arrestee or pretrail detainee, and where the force was applied "maliciously or sadistically for the very purpose of causing harm." *Taylor v. McDuffie,* 155 F.3d 479, 483 (4th Cir. 1998) (citing *Whitley v. Albers*, 475 U.S. 312, 320 (1986).

The inquiry with respect to the condition alleged is whether or not the condition amounts to punishment of the pre-trial detainee because due process proscribes punishment of detainee before proper adjudication of guilt.  *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  "[N]ot every inconvenience that is encountered during pre-trial detention amounts to 'punishment' in the constitutional sense." *Martin v. Gentile*, 849 F. 2d 863, 870 (4th Cir. 1988).  A particular restriction or condition of confinement amounts to unconstitutional punishment in violation of the Fourteenth Amendment if it is imposed by prison officials with the express intent to punish or it is not reasonably related to a legitimate, non-punitive goal.  *Bell*, 441 U.S. at 538–39 (restrictions or conditions that are arbitrary or purposeless may be considered punishment). In determining whether the challenged condition amounts to punishment, it is not the province of this court to determine how a particular prison might be more beneficently operated; the expertise of prison officials must be

---

[2]Apart from generally alleging an Americans with Disabilities Act violation, the complaint fails to specify facts on which to base this cause of action.

given its due deference. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995).

Upon examination of the pleadings, exhibits, and applicable law, the court concludes that even taking Coles's version of the facts to be true, Dupree's actions do not amount to constitutional violations. There is no evidence that defendant's order to halt Cole's wheelchair was made maliciously or sadistically. The order to stop and submit to a search comported with prison procedures to ensure the inmate to the housing unit was returned to the housing unit, confiscating any contraband was confiscated, and the proper paperwork was completed upon return from court. The stop and search comported with procedures for the legitimate, non-punitive, and orderly administration of the detention center. Even when Coles' claims of injury are viewed in the light most favorable to him, they are *de minimus*. He neither alleges nor provides any documentation showing that his alleged injuries required medical attention. Consequently, Coles's allegations do not constitute a violation of constitutional magnitude.[3]

For these reasons, the court finds as a matter of law defendant did not amount to an excessive use of physical force. Accordingly, the court will grant summary judgment in favor of defendant.


May 23, 2008                                          /s/
Date                                                  J. Frederick Motz
                                                      United States District Judge

---

[3] Thus, the court need not reach the issue of qualified immunity.